[S. F. No. 2992.   In Bank.—March 12, 1902.]

SAMUEL R. CROOKS, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

GUARDIAN AND WARD—SETTLEMENT OF ACCOUNT—MUTILATION OF BOOK —BILL OF EXCEPTIONS—MANDAMUS.—The mutilation of a guardian's account-book, by tearing out the leaves of account therefrom, after an order settling his account, which is admitted not to have been done by the guardian, cannot justify the court in absolutely requiring the missing leaves to be inserted in a bill of exceptions, to be used by him upon appeal from the order, and in refusing to settle the bill in their absence, notwithstanding other alleged delinquencies of the guardian; but the bill should state all the facts in the case, as far as possible, and *mandamus* will lie to compel the settlement of the bill of exceptions according to the facts.

ID.—ADMISSION IN MANDAMUS PROCEEDING—MUTILATION BY WARD.— An admission in the *mandamus* proceeding, in lieu of proof, that the ward, and not the guardian, mutilated the books, must bind the trial court in settling the bill of exceptions.

APPLICATION for writ of mandate to the Superior Court of the City and County of San Francisco to compel the settlement and certification of a bill of exceptions, upon appeal from order settling a guardian's account. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, and T. J. Roche, for Petitioner.

Otto Irving Wise, for Respondent.

TEMPLE, J.—This is an application for a mandate to compel respondent to settle and certify a bill of exceptions.

From the petition, which, for the purposes of the hearing in this court, counsel for respondent admits to be true, we learn that petitioner was appointed guardian of the person and estate of his daughter, Annie T. Crooks, and duly qualified as such guardian, and as such took charge of the property of his ward. Something more than one year thereafter the ward was adjudged to have been restored to competency, and petitioner filed his account as guardian for settlement. The ward filed certain objections to the final account. On the 9th of October the matter was tried before respondent as superior judge. Upon the trial, evidence both oral and documentary was submitted, and thereafter, on the twenty-eighth day of February, 1901, the court rendered its decision, and on the fifth day of March, 1901, caused an order to be filed settling said final account. In due time the petitioner took an appeal from the order and prepared and served his proposed bill of exceptions, to which said Annie T. Crooks proposed certain amendments, one of which was, that a certain book of accounts which had been produced by petitioner at the hearing, on his cross-examination by said Annie T. Crooks, and which was then by her counsel placed in evidence, should be inserted.

This proposed amendment was allowed by respondent, and the bill settled and ordered engrossed as settled. Upon an attempt to engross the bill as directed, it was found that the pages of the book containing the account had been torn out and completely destroyed. Petitioner asserts that the destruction of this evidence was without his knowledge or consent, and was, he verily believes, done by Annie T. Crooks. He was therefore entirely unable to comply with the order made by respondent directing the engrossment of the bill.

The respondent, however, refuses to finally settle and certify the bill without the pages of the book referred to. He declines to insert anything in the bill as a substitute for the

pages from the account-book. His attorney, here, who is also attorney for Annie T. Crooks, says it is impossible to make any substitute for the book. The ward had no evidence whatever, except such as could be got from the guardian himself. The guardian testified that he made all the expenditures charged in his account. The book was of such extraordinary character that upon its face it showed a cooked-up account, and in many respects contradicted the testimony the guardian had given. He says it justified the court in refusing to place any confidence whatever in the testimony of the guardian, and demonstrated that he was dealing unfairly with his ward. To deprive the ward of this evidence is to leave the testimony of the guardian uncontradicted, and will inevitably necessitate a judgment in his favor. The items of the account and the manner and nature of the entries, it is contended, cannot be fully shown by any synopsis of its contents, and any attempt to characterize the evidence would be to state conclusions and not the evidence.

We readily see the difficulties of the case, and appreciate the motives of the respondent in refusing to certify the bill of exceptions. Had the evidence been destroyed by the appellant, or if the respondent had investigated that matter, and found that the appellant had destroyed it, or consented to its destruction, a different case would be presented; but in view of the admission that the document has been lost without appellant's fault, the motion to dismiss his appeal cannot be granted, and the judgment will remain suspended. And then, notwithstanding the alleged delinquencies of the appellant, it is the case where the respondent in an appeal has interfered to deprive an appellant of the power of furnishing the required evidence. In such a case, evidently, the appellant ought not to lose his appeal, but he should be helped out, so far as possible, by the trial court. In such a case the facts in regard to the lost document, and the respects in which it is deemed material, and its importance in determining the issues in the case, should be stated as far as possible, and this court will determine such appeal in view of the state of the record.

As to the admission that the respondent in the appeal destroyed the document, it was made for the purpose of the

argument here. The admission was in lieu of proof, and must also bind the trial court in settling the bill of exceptions.

The respondent in this proceeding denies the fact for lack of information upon the subject. This manner of denying shows that the matter was not investigated by the respondent.

The writ must issue as prayed for.

McFarland, J., Harrison, J., Garoutte, J., Van Dyke J., and Beatty, C. J., concurred.